**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Entitled Action Pending in U.S.D.C. Northern District of Illinois**
**Case No.: 1:22-cv-03189**

**In re: Motion to Compel Compliance with Subpoena Directed to Department of Labor**

ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

DEUTSCHE TELEKOM AG et al.,

*Defendants*.

Misc. Case No. 1:25-mc-00173-ACR

Honorable Ana C. Reyes

**T-MOBILE US, INC.'S OPPOSITION TO THE UNITED STATES DEPARTMENT OF LABOR'S MOTION FOR EXTENSION OF TIME**

For over a year, T-Mobile US Inc. ("T-Mobile"), defendant in *Dale et al v. Deutsche Telekom AG et al*, Case No. 1:22-cv-03189 (N.D. Ill.) ("*Dale*"), has vigorously and diligently sought information and documents concerning the Department of Labor's Consumer Price Index, which Plaintiffs in *Dale* have made a central focus in their complaint. Dkt. 1 ("Motion to Compel"). With discovery in *Dale* set to close in May 2026, T-Mobile would be greatly prejudiced by yet another extension of the deadline for the Department of Labor ("DOL") to file its opposition to T-Mobile's Motion to Compel. T-Mobile and DOL have been meeting and conferring for over a year and any further delay risks T-Mobile not being able to secure documents and depositions it needs to defend itself before the close of discovery. The Court should therefore deny DOL's second request for an extension.

On September 16, 2024, T-Mobile submitted a FOIA request. The DOL's response did not address the critical issue raised by the request, and so T-Mobile subpoenaed the Department on January 24, 2025. The DOL never filed a motion to quash or for a protective order. Instead, T-Mobile and the DOL (together, the "Parties") met and conferred, substantially narrowing their dispute in a good faith effort to reach agreement on the information sought by T-Mobile's subpoena. *See* Motion to Compel. Ultimately, however, the Parties could not agree on the information and documents most critical to T-Mobile. An impasse had apparently been reached no later than September 2025. But, because of the government shutdown in October of 2025, a final pre-motion conference could not occur until November 20, 2025. T-Mobile filed its Motion to Compel shortly thereafter, on December 4, 2025, with a response deadline of December 22, 2025.

The United States appeared for the DOL and sought an extension on December 22, 2025, which the Court granted, extending the response deadline to January 30, 2025. Dkt. 8. The United States now returns to this Court for a second time, filing another Motion to extend their response

deadline a further thirty days to March 2, 2025. If granted, DOL will have had an additional seventy days past the original deadline to respond to T-Mobile's initial Motion to Compel. That extension prejudices T-Mobile and should be denied.

Extensions should not be granted in circumstances evidencing "bad faith or prejudice" to the party opposing an extension request. *Manigault v. ABC Inc.*, 796 Fed. Appx. 13, 15 (2d Cir. 2019). Fact discovery in the Underlying Action closes on May 21, 2026. *See* Dkt. 332, Jt. Scheduling Order, *Dale et al. v. Deutsche Telekom AG et al.*, No. 22-3189 (N.D. Ill. July 21, 2025). If the Court grants the United States' requested extension, any reply would be due March 9, leaving little more than two months for this Court to rule, for the DOL to make a production if ordered to do so, and for T-Mobile to subpoena a deposition about the produced information. That is not sufficient, nor reasonable. Good cause does not exist sufficient to so prejudice T-Mobile. The motion should be denied.

DATED: January 28, 2026

Respectfully submitted,

*/s/ Rachel S. Brass*

Rachel S. Brass (*pro hac vice*)
Caeli A. Higney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Phone: 415-393-8200
RBrass@gibsondunn.com
CHigney@gibsondunn.com

Minae Yu (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Phone: 213-229-7000
MYu@gibsondunn.com

Matthew Butler
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Phone: 202-887-3739
MButler@gibsondunn.com

*Counsel for Defendant T-Mobile US, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2025, I electronically filed a copy of the foregoing through the court's CM/ECF system, which will send notifications of the filing to all counsel of record.

*/s/ Rachel S. Brass*
Rachel S. Brass